GERMAN INSURANCE COMPANY OF FREEPORT V. MARCUS FREDERICK.

FILED JANUARY 19, 1899. No. 8600.

1. **Summons.** A summons issued from the district court need not state the nature of the action.

2. ———: CORPORATIONS. In suing a corporation it is not necessary that in the summons it be described as such.

3. **Pleading**: CORPORATIONS. A petition, at least after answer to the merits, is not open to attack because it does not allege the corporate character of the defendant.

4. **Summons**: NAME OF PARTY. A writ returned as served on "H. L. Bode" will not be quashed because of the use of initials, unless at least it be shown that such initials were in fact a contraction and not the full name of the person described.

5. **Insurance**: MISSTATEMENTS IN APPLICATION: PAROL EVIDENCE. An insured is not precluded from recovering on a policy because of misstatements in a written application, when it is made to appear that the application was written by the agent of the insurer and that the insured truthfully stated to him the facts in question. Such facts may be shown by parol.

6. ———: VACANT PREMISES. An insurance policy contained a provision avoiding the policy should the demised premises "be or become vacant." They were vacant when the policy was issued and the agent who issued the policy knew that fact. *Held*, A waiver by the insurer of that provision.

7. **Witnesses**: COMPETENCY. A party to an action is not an incompetent witness by whom to prove a transaction with an agent of the other party since deceased.

8. **Pleading**: AMENDMENTS. The allowance of certain amendments after trial so as to conform the pleadings with the proof *held* proper.

9. **New Trial**: NEWLY-DISCOVERED EVIDENCE: AFFIDAVIT. An affidavit in support of a motion for a new trial on the ground of newly-discovered evidence should state as specifically as practicable the nature of such evidence and not merely its general object.

ERROR from the district court of Hall county. Tried below before THOMPSON, J. *Affirmed.*

*C. J. Garlow* and *M. T. Garlow*, for plaintiff in error.

*J. W. Edgerton, contra*

IRVINE, C.

This was an action by Frederick on a policy of fire insurance issued by the defendant insurance company. From a judgment for the plaintiff the insurance company prosecutes these proceedings in error.

Before answering, the company filed a special appear-

ance objecting to the jurisdiction of the court over the person of the defendant. The objections were overruled, and the matter thereof has been preserved by averments in the answer to which a demurrer was sustained, by the motion for a new trial, and by appropriate assignments of error. Following are the grounds stated for the objections to the jurisdiction: "First, because the face of the summons served in the case fails to state upon what the action is based or the amount claimed. Second, because the defendant is not properly defined or designated. Third, because the amount claimed by plaintiff is indefinite and uncertain. Fourth, because there is no such person as H. L. Bode, upon whom service is represented to this honorable court to have been made." In addition to the foregoing points certain others are argued in the briefs. Some relate to matters affecting the form of the return and were corrected by amendment thereof by leave of the court. Others cannot be considered, because not presented to the trial court. We consider in order those preserved by the foregoing statement.

The summons in a case begun in the district court need not state the nature of the action. Section 64 of the Code of Civil Procedure prescribes the requisites of a summons and contains no such requirement. Section 910, relied on by plaintiff in error, is a part of the provisions regulating practice before justices of the peace, and is not here applicable. The objection that the defendant is not properly defined or designated is based on the fact that the summons described the defendant as the German Insurance Company of Freeport, Illinois, and did not state that it was a corporation or a partnership. The section already cited requires the defendant to be named, but it does not require that it should be described. Under this head there are argued in the briefs certain questions as to the method of service on corporations. Undoubtedly, if the defendant were not in fact a corporation and were served as such, but not in a manner good against an individual or partnership, such objection might be urged

by appropriate averments.  But the objection here made
was not sufficient to raise the sufficiency of the service,
conceding that the defendant is a corporation.  The ob-
jection that the amount claimed is uncertain seems to
refer to the indorsement on the writ.  Conceding that a
service of a proper summons may be avoided for uncer-
tainty in the amount indorsed, there was here no such
uncertainty.  The indorsement stated an amount certain,
with interest at a rate specified from a date named.  This
was certain.  It also said "and an attorney's fee."  At-
torney's fees in such cases, when allowed, are taxed
as costs, and the amount need no more be stated by in-
dorsement on the summons than that of other costs,—
something which cannot be estimated in advance.  Fi-
nally, the objection that there is no such person as H. L.
Bode is based on the theory that it is a designation of a
person by initials, and not by his Christian and surname.
Possibly the objection to the return might have been
good if it had been shown, after the manner of a plea
in abatement, that "H. L. Bode" was not the true name,
and also what the true name was.  But this court has
held that in the absence of such showing it cannot be
presumed that the initials do not express the full name.
(*Oakley v. Pegler*, 30 Neb. 628; *Scarborough v. Myrick*, 47
Neb. 794.)  The objections to the jurisdiction were prop-
erly overruled.

It is said that the petition fails to state a cause of
action, in that it does not allege the corporate or other
capacity of the defendant.  It is more than doubtful
whether an averment of the corporate capacity of the
defendant was necessary.  If so, it was too late to insist
on the defect after an answer to the merits.  (*Exchange
Nat. Bank v. Capps*, 32 Neb. 242.)  The objection was first
made by an objection to the introduction of evidence.

The principal question in the case arises from the fact
that the policy provided that it should be void if the
insured premises "be or become vacant or unoccupied."
They were in fact vacant when the policy was issued, and

remained so until the time of the fire, nine days thereafter. The written application contained an inquiry as to how the premises were occupied and the answer, "It is occupied by tenant as a private dwelling." The proof shows that the application was written by the agent or, under his direction, by his clerk, and that the answer was inserted after a statement by the insured that the premises were then vacant, but had been leased, and that the tenant would move in the next day. Two things are established by former adjudications in this connection. One is that oral evidence is admissible to show that an application was made out by the agent of the insurer on the statements of the insured and that the statements made were true. This relieves the insured from any charge of fraud or misrepresentation, although the agent did not truthfully state the facts. (*Home Fire Ins. Co. v. Fallon*, 45 Neb. 554.) The other is that the provision against vacancy is one for the benefit of the insurer and may be waived, and that it is waived if the company issues the policy with knowledge of an existing vacancy. (*Rochester Loan & Banking Co. v. Liberty Ins. Co.*, 44 Neb. 537.) The only thing to differentiate this case from the last one cited is that here there was a statement that the premises would be occupied the following day, and there is proof tending to show that the agent withheld delivery of the policy until that day, but without further inquiry as to the occupancy. It can hardly be claimed that there was a warranty that the tenant would move in the next day. It was a fact that the insured could not control. His statements, so far as they concerned facts, were true, and the agent saw fit to issue the policy, relying on the probability of early occupancy.

It is charged in the brief that the policy was procured by fraud. To this there are two answers. Such fraud was not pleaded, nor was it proved.

Objection is made to the introduction of evidence as to the transactions of the insured with the agent, on the ground that the agent was dead at the time of trial. This

fact seems to have been assumed, but it was not proved. However, the statute makes such testimony incompetent only where the adverse party is the representative of the deceased. Here that was not the case. The deceased in his lifetime had been the representative of the adverse party. Perhaps such cases ought to be brought within the statute, but they are not now within it.

Some complaint is made in the briefs because there were taxes against the property not stated in answer to the inquiry as to incumbrances. No such defense was pleaded.

The plaintiff, after trial, was permitted to amend petition and reply so as to admit that the premises were vacant, but to plead the waiver above sustained. There was no error in this. The evidence had gone in on this issue without objection based on its irrelevancy, and the amendment was a proper one to conform the pleadings with the proof. Terms were imposed, by way of requiring compensation for the expense of witnesses to prove the fact of vacancy, and we cannot see that there was any abuse of discretion.

It is urged that the evidence was insufficient to sustain the finding. Without rehearsing it at length it is sufficient to say that we think it was sufficient.

Objection is made to the allowance of attorney's fees. This question is too well settled to now permit of reconsideration.

A new trial was sought on the ground of newly-discovered evidence. The affidavit in support of this motion merely stated the general purpose of the testimony without stating its nature, and so afforded no basis for an inquiry by the court as to whether the testimony was of such a character as to warrant the granting of a new trial.

AFFIRMED.

HARRISON, C. J., not sitting.