FARMERS BANKING AND LOAN COMPANY V. H. H. MAUCK ET AL.

FILED DECEMBER 16, 1903. No. 13,240.

1. County Court: PRACTICE. Section 11, chapter 20, Compiled Statutes, providing that "the rules of practice concerning pleadings and processes in the district court shall be applicable so far as may be, to pleadings in the county court," when the amount involved exceeds a justice's jurisdiction, held, to authorize a summons in the form allowable in district court in such cases.

2. Summons. It is not necessary to state the nature of the action in a district court summons. *German Ins. Co. v. Frederick*, 57 Neb. 538. Consequently it is not necessary in county court cases above a justice's jurisdiction.

ERROR to the district court for Nuckolls county: LEE S. ESTELLE, JUDGE. *Reversed with instructions.*

*E. P. Hotchkiss,* for plaintiff in error.

*F. H. Stubbs, contra.*

HASTINGS, C.

This is an action brought by the plaintiff against the defendants, H. H. Mauck and G. W. Stubbs, upon two promissory notes, in the county court of Nuckolls county, asking for a judgment in the sum of $415.50 with interest, and costs of suit. The defendants filed separately a motion to quash the summons issued by the county court, on five grounds: (1) That the summons was not served on the defendants in the time provided by law. (2) Plaintiff has no legal capacity to sue. (3) Summons does not apprise the defendant of the nature of the action against him. (4) No legal capacity to sue in this court. (5) Summons was not issued according to law. The motion was overruled. Defendants filed no answer and judgment by default was rendered against them. Defendants prosecuted error to the district court, alleging as grounds of error the five points raised by the motion to quash.

The district court reversed the judgment and taxed costs to plaintiff, to which the plaintiff excepted. Motion for new trial was filed, which was overruled, and plaintiff prosecutes error to this court.

The error relied upon is that the district court was wrong in quashing the summons served upon the defendants. The summons was as follows:

"To the sheriff or any constable in said county, Greeting:

"You are hereby commanded to summons H. H. Mauck and G. W. Stubbs to appear before me, the undersigned county judge of Nuckolls county, on the 3d day of February, 1902, to answer the action of the Farmers Banking and Loan Company (a corporation), who sues to recover the sum of four hundred fifteen & 50-100 dollars and interest at 10 per cent. per annum from the 19th day of February, 1897.

"You will make due return of this writ on the 3d day of February, 1902.

"Witness my hand and seal of said court this 16th day of January, 1902.

"(SEAL.)          J. T. DYSART, County Judge."

It was indorsed as follows:

"County court, Nuckolls county, Farmers Banking and Loan Company (a corporation) v. H. H. Mauck and G. W. Stubbs.

"If defendant fails to appear, plaintiff will take judgment for $415.50 with interest thereon at 10 per cent. per annum from the 19th day of February, 1897.

"Filed this 20th day of January, 1902.

"J. T. Dysart, *County Judge.*"

It was duly served and return made thereon.

The only one of defendants' five objections, which was sustained by the district court, and is now urged by defendants to sustain the judgment of the district court, is that this summons did not apprise the defendants of the nature of the action pending against them.

Under section 910 of the code, the plaintiff's cause of action in justice court is to be described in such general terms as to apprise the defendant of the nature of the claim against him. Under this section it is necessary to designate, in a general way, the plaintiff's cause of action. In this summons the cause of action is described, only, as being "for $415.50 with interest thereon at 10. per cent. from the 19th day of February, 1897." This would be sufficient if the process in this case is governed by the provisions relating to process in the district court. *German Ins. Co. v. Frederick,* 57 Neb. 538. It is insufficient, if the summons is governed by section 910 as to justice courts.

Plaintiff in error says that as this action is beyond the jurisdiction of a justice of the peace, a method of procedure prescribed for him can have no application, and further that defendants' complaint of no capacity to sue makes their motion a general appearance. Taking the last contention first, it would seem not well founded. The only thing asked by defendants in their motion was to quash the summons. It is true that they allege, among the grounds for doing so, that plaintiff had no capacity to sue, which would be no reason for quashing the summons,

but is made a ground of demurrer.  Code, sec. 94.  But, while this point is made, it is not made by way of obtaining a dismissal of plaintiff's action, but a quashing of the summons.  The powers of the court are invoked, as it seems to us, only as to the question of jurisdiction in a motion to quash summons, no matter what reasons are assigned for doing so.

It remains to consider the other attack upon the judgment of dismissal in this case, the claim that process in this case is governed by the rules of the district court. As we have seen, if that is true, no statement of the action was necessary.  The assertion of the defendants rests upon the provision in section 2, chapter 20, Compiled Statutes (Annotated Statutes, 4786) :

"The provisions of the code of civil procedure relative to justices of the peace, shall, where no specified provision is made in this subdivision, apply to the proceedings in all civil actions prosecuted before said county court."

Is there any other provision in that subdivision?  Plaintiff says there is, and that it is in section 11 of the same chapter (Annotated Statutes, 4795), which provides:

"In actions before said court, where the amount claimed exceeds the jurisdiction of a justice of the peace, motions and demurrers shall be allowed, and the rules of practice concerning pleadings and processes in the district court shall be applicable, so far as may be, to pleadings in the county court."

It is objected that this section, by its terms, applies only to pleadings, and that no court is authorized to extend its terms.

In *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb. 520, section 11 is styled, "A specific provision changing the general rule established by section 2 only in regard to pleadings and processes."  The question before the court was, whether the county judge was empowered by law to sign a bill of exceptions embodying evidence of an attachment as to the dissolution of an attachment.  It was concluded that there was no such right, and that the pro-

visions of section 11 applied "only to pleadings and processes."

The question of whether or not "processes" were, within the terms of section 11, included in the matter in which the practice should be assimilated to that of the district court, was not raised and could not be decided in the *Moline, Milburn & Stoddard Co.* case. The declaration that they are, is therefore a dictum. It is a dictum, however, that no doubt expresses the general view and practice as to county courts of this state. Those courts, we think, have generally conformed their "processes," in cases outside the justice's jurisdiction, to that of the district court, except as they are prevented by the directions in section 8, chapter 20, Compiled Statutes (Annotated Statutes, 4792).

It hardly seems to us that the word "processes" should be read out of the section. The effect of the district court's holding is certainly to make section 11 bear precisely the meaning it would have with that word wholly omitted. Is it the same thing to say that the rules of practice in district court concerning pleadings and processes shall be applicable, as far as may be, to pleadings in county court, that it would be to say, merely, that the rules of practice concerning pleadings in district court shall be so applicable? "Processes" issue upon pleadings, orders and judgments, and must be conformable to such pleadings, when issued on them. Rules of practice, when controlling the form of process to be issued on a pleading, are "applicable" to it. It is no strained construction, which makes the rules governing summons on the petition in this case, for $415.50 with interest, if it had been filed in the district court, *applicable* to it when filed in county court. At all events, not so strained as a construction that throws the word "processes" wholly out.

It is to be said, too, that section 8 of the same statute makes a clear distinction between the service in county court and in justice court. It provides for at least ten days' notice, and the summons to be served as in other civil cases, and to be returnable on the first Monday of the

ensuing month. No express mention is made as to its contents, outside of the words, "as in other civil cases." These words, by their juxtaposition, would apply to the manner of serving alone, but could readily be taken to indicate the contents as well.

It seems clear that the intention was to assimilate the practice in these county court cases to that of the district court, in the particulars mentioned, and among these is processes. We think, therefore, that the district court was wrong in holding that the summons in this case should have been a justice court's summons, and in quashing the summons and dismissing the action for that reason.

It is recommended that the judgment of the district court be reversed, and its action in reversing the county court's judgment set aside and such judgment restored and affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and its action in reversing the county court's judgment set aside and such judgment restored and affirmed.

REVERSED.