IDA M. HIGGENS, APPELLEE, V. SUPREME CASTLE OF THE HIGHLAND NOBLES, APPELLANT.

FILED FEBRUARY 20, 1909. No. 15,506.

1. **Appeal: PLEADING: OVERRULING MOTION: HARMLESS ERROR.** If the petition in an action upon a policy of insurance or a benefit certificate purports to set out a full copy of the instrument upon which the action is predicated, and the recitals of the copied portion show that the whole contract is not contained in the petition, a motion to require the plaintiff to set forth the whole contract is proper and should be sustained. But where it is shown that the missing portion is in the possession of the defendant, then the rule, "less particularity is required where the facts are within the knowledge of the adverse party," applies, and the error, if any, in overruling the motion is without prejudice.

2. **Pleading: REPLY: AMENDMENT AFTER TRIAL.** In a trial to the court without the intervention of a jury, after all the evidence had been taken and the case submitted, the plaintiff was given leave over objection of defendant to file an amended reply, pleading an additional defense to the new matter in the answer "to conform to the proof." No request was made for further time or to be permitted to introduce further proof. *Held*, That the matter of allowing the amendment was within the discretion of the district court, and that no abuse of this discretion has been shown.

3. **Insurance: PLEA OF FORFEITURE: BURDEN OF PROOF.** The burden of proof is upon the defendant to establish a plea of forfeiture in an action upon an insurance policy or a benefit certificate, and in this case the evidence is examined, and *held* to sustain the judgment of the district court.

APPEAL from the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*W. C. Saul* and *John C. Watson,* for appellant.

*A. L. Timblin* and *Roddy & Bischoff, contra.*

LETTON, J.

This is an action to recover upon a benefit certificate issued by the defendant to Edgar O. Higgens in favor of the plaintiff, who is the beneficiary named in the certificate

and is the widow of the applicant. The answer pleaded a forfeiture of the right to recover on the certificate by reason of false representations which it alleged were made by the applicant; the representations being that in reply to the question, "Have you ever been rejected for life insurance or benefit?" the applicant answered "No," while the truth was that prior to the date of the application he had been rejected by the Modern Woodmen of America. A reply was filed, denying every allegation in the answer. At the trial a jury was impaneled and sworn, but at the close of plaintiff's testimony the defendant asked for a continuance in order to produce an absent witness, claiming to have been surprised by the evidence offered by the plaintiff. The application was granted by the court and the cause continued. Afterwards it was agreed in open court that a jury be waived, that the jury be discharged, and that the trial proceed to the court. The taking of evidence was completed, and the case was taken under advisement. Later, and before judgment, the plaintiff was given leave to file an amended reply "to conform to the facts already in proof," to which the defendant excepted. An amended reply was filed, pleading that the contract was to be construed under the laws of Iowa, that under the laws of that state a mutual benefit association cannot set up any alleged false answers in the application as a defense to a suit on the certificate unless a true copy of the application is attached to the certificate, and that the defendant failed to attach a true copy. It was further alleged that the applicant truthfully stated all the facts inquired about to the association through its agent, one G. L. Williams, who was the state agent or manager for the state of Nebraska, that the application was written by Williams, who was specially informed of the prior rejection of the applicant by the Modern Woodmen; that, if any false answers were contained in the application, they were made by the defendant or defendant's agents; that the copy of the application attached to the certificate and sent to the assured showed the question as to the assured's

prior rejection to have been correctly answered in the affirmative, and that neither the assured nor the plaintiff had any knowledge that a false answer had been entered in the application until the original application was produced in court by the defendant. A motion was made to strike this reply from the files, which was overruled, and judgment was rendered in favor of the plaintiff for the amount claimed.

1. The first point made by the defendant is that the court erred in overruling the defendant's motion to require the plaintiff to set out a copy of the application referred to in the petition. The petition purports to set forth the certificate *in hæc verba*. The certificate recites: "The application of said member for which this certificate is issued is hereby referred to and made a part hereof." If the petition in an action upon a policy of insurance or benefit certificate purports to set out a full copy of the instrument upon which the action is predicated, and the recitals of the copied portion show that the whole contract is not contained in the petition, a motion to require the plaintiff to set forth the whole contract is proper and should be sustained. But where, as in this case, it is shown that the missing portion is in the possession of the defendant, and that it is upon matter contained in the missing portion that the defendant relies as constituting a defense, then the rule "less particularity is required where the facts are within the knowledge of the adverse party," applies, and the error, if any, in overruling the motion is without prejudice.

2. The next point made is that the court erred in granting leave to the plaintiff to file an amended reply after the case had been submitted. It is contended that the amended reply changed the issues, and that it introduced a new cause of action which should have been set forth in the petition. We cannot agree with this contention. The petition pleaded the issuance of the certificate and the death of the assured. The answer admits the issuance of the certificate, but pleads a forfeiture by reason of a false

answer to a certain question. The original reply was a general denial. As a part of her evidence in chief, the plaintiff offered certain sections of the statutes of Iowa, to which the defendant objected as incompetent, irrelevant and immaterial, and not the best evidence, which objection was overruled. These sections contained the provisions referring to the duty to attach a copy of the application to the certificate, and providing that, if an association neglects to comply with this requirement, it shall not be permitted to plead or prove the falsity of any such representation in an action on the certificate. As the pleading then stood, this evidence was immaterial, and the amendment was necessary to bring it within the issues. The amendment as to the Iowa law was a matter of defense to the alleged forfeiture, and was not a proper part of the petition. The allowance of the amendment was within the discretion of the court, and no abuse is shown. At the time the amendment was made, if the defendant had been surprised or anywise prejudiced by its allowance, it might have requested the court to continue the case and to permit it to introduce further proof, but it did not so request. The trial was to the court, and it would have been easy to comply with šuch a request if it had been made. We cannot see that the defendant was prejudiced by the filing of the amended reply.

But, even if the pleading of the Iowa statute and all the evidence on this point had been omitted from the case, we think the judgment of the district court upon the main defense of false representations is fully justified. The evidence showed that the application was taken by one Williams, who was the manager of the association for the state of Nebraska, and that the application, with the exception of the signature and that portion in the handwriting of the examining physician, was written by him. The plaintiff swears that she was present during a portion of the time that Mr. Williams was preparing the application, and that she heard him ask her husband the question, "Have you ever been rejected for life insurance

or benefit?" and that her husband answered "Yes." She further testifies that her husband told Williams he had been rejected by the Modern Woodmen, and he thought that would prevent him from getting into any other order; that "Mr. Williams told him that wouldn't make any difference in that order, and he says, 'Where that answer is,' to that question in there, 'that isn't necessary and it don't have to be answered by you.'" The evidence shows that this application was sent to the head office in Iowa, that a copy of it was made and attached to the benefit certificate, and that the certificate was delivered to the assured by Williams personally. This copy is all in the handwriting of the clerk who made it, except that in the blank after the answer to the question referred to the word "Yes" is written, instead of the word "No," as appears in the original application. This portion of the copy bears traces of erasure and alteration, and from its appearance it would seem that whatever word, if any, had been originally written in the blank had been obliterated, and the word "Yes" written in, at first lightly, and afterwards in a heavier hand and with blacker ink. Mrs. Higgens testifies it is now in exactly the same condition as it was when delivered to them by Williams. The clerk of the local Modern Woodmen camp, who was a witness called by the defendant, testifies that in a conversation he had with Mr. Higgens in relation to his rejection by the Modern Woodmen Higgens said: "That it didn't make much difference anyway; that he was going into the Highland Nobles anyway. * * * He said he had told them he had been rejected, but it didn't seem to make any difference to them." The evidence of Mrs. Higgens was uncontradicted and unimpeached. In this condition of the evidence, we have on one side the original application in Williams' handwriting signed by Higgens, which shows the word "No" when the copy shows "Yes." On the other we have the testimony of Mrs. Higgens that Williams was distinctly informed that her husband had been examined and rejected by the Modern Woodmen, the testimony of a

witness for defendant that Higgens said he had informed the Highland Nobles of this fact, and the further circumstance of the alteration in the copy of the application which was delivered to the assured, and which, the testimony seems to indicate, was made by Williams after he received the copy, and before he delivered it to the assured. Williams was not upon the witness stand, and there is nothing to show why he was not called.

The burden of proof was upon the defendant to show that the answer was made by the applicant as written in the application; that it was false in some particular material to the risk; that it was intentionally made by the assured; and that the insurer relied and acted upon the statement. *Kettenbach v. Omaha Life Ass'n,* 49 Neb. 842. It has been repeatedly declared by this court that a forfeiture will not be declared in an action upon an insurance policy because of misstatements in a written application where it appears that the application was written by the agent of the insurer, and that the facts were truthfully stated by the applicant. *German Ins. Co. v. Frederick,* 57 Neb. 540; *Home Fire Ins. Co. v. Fallon,* 45 Neb. 554; *Fidelity Mutual Fire Ins. Co. v. Lowe,* 4 Neb. (Unof.) 159. In the latter case it appeared that certain answers to questions in the application were misstatements of fact. The application was written out by the agent upon statements made by the plaintiffs, who testified that the answers had been truthfully made while the agent testified that they were made as written in the application. The application was signed by the applicant and delivered to the agent, who transmitted the same to the company. The trial court instructed the jury that, if the facts with reference to the total incumbrances, were correctly stated to the agent, and the statements in the application were written by the agent after this communication was made to him, the policy would not be void. This instruction was upheld by this court in an opinion by Mr. Commissioner KIRKPATRICK, which examines and reviews many authori-

ties upon the point from this and other states. 1 Bacon, Benefit Societies and Life Insurance (3d ed), sec. 153.

We think that the evidence upon this point alone fully justifies the judgment of the district court, and it is therefore

AFFIRMED.