MATTHEW J. MORRISSEY, APPELLANT, V. TRAVELERS PROTECTIVE ASSOCIATION, APPELLEE.

FILED JANUARY 22, 1932. No. 28006.

*J. W. Kinsinger, H. C. Henderson* and *Lincoln Frost, Jr.,* for appellant.

*Hall, Cline & Williams, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

LESLIE, District Judge.

The defendant is a fraternal beneficiary association and issued its policy in the form of a certificate of membership to the plaintiff April 25, 1930, upon application made in the usual manner by plaintiff through a member of the association. The certificate provides for death and accident benefits. About a month after the issuance of the policy the plaintiff met with an accident resulting in an injury to his right eye necessitating its removal. The defendant denies liability under its policy, and alleges that it was induced to issue it because of false representations by the plaintiff in his application with reference to his eyesight, and that said representations were warranties and material to the risk of insurance. One of the interrogatories propounded to the plaintiff in the application was: "Is your eyesight impaired?" To which plaintiff wrote as his answer, "No." The plaintiff admits the untruthfulness of his answer, and that at the time he had

a traumatic cataract of the left eye of such seriousness that he had practically no sight in it. He contends, however, that when he came to this question he asked the member who had solicited him what his answer should be, and that he said in effect: "Since you can see all right, the answer should be 'No.' "

The plaintiff contends that his answer was not a warranty, but a representation not material to the risk of insurance, and, further, that, the soliciting member knowing the condition of plaintiff's sight, and having suggested the answer, defendant is estopped to deny its liability.

The trial court, at the conclusion of all of the evidence, sustained the motion of defendant for a directed verdict.

Six assignments of error are relied upon by plaintiff, but we think it only necessary to consider whether the trial court erred in sustaining defendant's motion for a directed verdict.

It is admitted that the answer made by the plaintiff in response to the question, "Is your eyesight impaired?" was false and known to be by the plaintiff when he made it. Therefore, whether such answer was a warranty or a representation, if it was material to the risk and the policy would not have been issued had the plaintiff stated the truth as to his sight, the plaintiff cannot recover unless the defendant is precluded from claiming nonliability because of knowledge the soliciting member had concerning plaintiff's sight.

It is definitely settled by this court, through a long line of cases, that, in determining whether statements made in an application for insurance are warranties or representations, the court will take into consideration the situation of the parties, the subject-matter, and the language employed, and will consider a statement made to be a warranty only when it clearly appears that such was the intention of the contracting parties. *Aetna Ins. Co. v. Simmons,* 49 Neb. 811; *Kettenbach v. Omaha Life Ass'n,* 49 Neb. 842. It is equally well settled as the law of this state that a distinction is recognized between questions in an

application which call for statements of conclusions of fact not expressly within the knowledge of the applicant, and in regard to which the insurance company has equal means of ascertaining for itself the truth, and, on the other hand, questions which call for information regarding facts necessarily and peculiarly within the knowledge of the applicant. It is held that an incorrect or untrue answer in an application for life insurance in reference to matters of opinion will not void a policy, but that an untrue answer in an application for life insurance as to matters which are peculiarly within the knowledge of the applicant, and material to the risk, will void the policy. *Royal Neighbors of America v. Wallace,* 73 Neb. 409; *Swanback v. Sovereign Camp, W. O. W.,* 103 Neb. 34; *Seal v. Farmers & Merchants Ins. Co.,* 59 Neb. 253; *Muhlbach v. Illinois Bankers Life Ass'n,* 108 Neb. 146. That the information sought to be obtained by the answer to the question was peculiarly within the knowledge of the plaintiff is scarcely open to discussion. He has admitted that he had been afflicted with traumatic cataract of the left eye for many years, that the sight was destroyed, in effect; and that he had repeatedly been advised by medical experts to submit to an operation for the restoration of the sight of his left eye. It is contended by the defendant that it was its policy not to issue certificates of membership to applicants afflicted as plaintiff was, and that it would not have issued the certificate in question had his answer disclosed the true condition of the sight of his eye. The evidence amply sustains this, and the trial court correctly held that the answer was not a mere representation, but a warranty material to the risk of insurance, wholly untrue and known to be such by the plaintiff when he made it.

It remains to consider whether the knowledge of the member who solicited the plaintiff was imputed to the defendant association. The only evidence in the record as to the conversation between the plaintiff and Shepard, soliciting member, is found in the testimony of the plaintiff. It appears that Shepard was drowned a few weeks

after the issuance of the certificate of membership to the plaintiff. The plaintiff's testimony is as follows: "When I come to the line where it says, 'Is your eyesight impaired?' I says, 'What does that mean?' He says, 'You can see all right, can't you?' I said, 'Yes.' And he said, 'Put no there.' "

Our attention is called to the following cases in support of plaintiff's contention that where the agent had full knowledge of the facts the company is estopped to assert that the answers made are untrue. *Home Fire Ins. Co. v. Fallon*, 45 Neb. 554; *German Ins. Co. v. Frederick*, 57 Neb. 538; *Busboom v. Capital Fire Ins. Co.*, 111 Neb. 855. It will be noted that in these cases the application was prepared by the agent to whom the facts had been truthfully stated by the insured, and that through fraud, mistake or negligence of the company's agent the facts had been concealed or misstated to the company by no misconduct of the insured. None of these cases can be made to apply to the facts in this case. Here the application was prepared by the insured, he knew what the facts were, and wilfully misstated them in his application.

It is not necessary to discuss extensively whether the member who solicited the plaintiff to join the association was its agent in the sense that information possessed by him was imputed to the association. The rule that the agent is presumed to have communicated all information possessed by him to the association is for the protection of applicants who act in good faith and have not knowingly misstated facts material to the risk of insurance. Knowing, as he must have, that the member-solicitor desired that the true condition of plaintiff's sight should not be revealed to defendant by a truthful answer, plaintiff had no reason to assume that Shepard would communicate information to the association that would discredit plaintiff's application. The law is well stated in the following cases: *Priest v. Kansas City Life Ins. Co.*, 116 Kan. 421: "There is some difference of opinion whether an insurance company is chargeable with knowledge of an appli-

cant's condition obtained by its * * * soliciting agent. But, assuming the imputed knowledge rule to apply to them as well as to other agents, it does not extend to cases where answers are given by the applicant which he and the agent both know to be false."

*Bratley v. Brotherhood of American Yoemen,* 159 Minn. 14: "It is urged that, as the deputy knew of the falsity, his knowledge was the knowledge of the company. * * * We cannot hold that the insurer is bound by statements contained in an application when not only the agent, but the assured, knows they are untrue, and the application is to be forwarded to the insurer as the basis of the contract."

*McCormack v. Security Mutual Life Ins. Co.,* 220 N. Y. 447: "The law of imputed knowledge has its basis in the presumption that the agent will perform his duty. The presumption is not available for the protection of a wrong-doer who has no reason to expect, and did not intend that there should be, a revelation of the truth."

The question in the instant case called for a statement of fact material to the risk, and not for an opinion. Through collusion between the plaintiff and the soliciting member of the association, an untruthful answer was made to the defendant association by the plaintiff in an application prepared by himself. The member of the association knew of the falsity of the answer made by plaintiff, and plaintiff likewise knew that the member knew of the untruthfulness of the answer that plaintiff had made. In consequence of such collusion between the plaintiff and the member of said association, plaintiff was admitted to membership therein and procured insurance. Had a truthful answer been made by plaintiff, the policy or certificate of membership would not have been issued.

To hold in such circumstances that the association is estopped to deny liability because Shepard, soliciting member, knew that plaintiff had misinformed the defendant association as to the condition of his sight would be to reward wrong-doing, encourage fraud and collusion between

members of an association and those making application for insurance, and put the association at the mercy of unscrupulous agents and applicants.

The trial court properly sustained defendant's motion for a directed verdict, and its judgment is

AFFIRMED.