PETER ROTH, APPELLEE, V. EMPLOYERS FIRE INSURANCE COMPANY, APPELLANT.

FILED MAY 20, 1932. No. 28262.

*Wear, Moriarty, Garrotto & Boland,* for appellant.

*John A. McKenzie, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ., and RYAN, District Judge.

PAINE, J.

This is a suit for $1,807.50 upon a fire insurance policy covering personal property. The verdict returned was for $1,702.50. Motion for new trial being overruled, appellant prosecutes appeal, setting out 17 errors in its amended motion for new trial.

The evidence discloses that Peter Roth, a farmer about 70 years of age, brought action upon a three-year fire in-

surance policy, dated April 4, 1929, which had been written by his local banker, R. K. C. Brown, in the appellant company. The policy covered horses, cattle, harness, hay, farm machinery, grain, etc. The fire occurred January 19, 1931, and the loss sustained by Mr. Roth was much greater than the amount of insurance carried upon the property. A few years prior to the time that Roth took out this insurance policy, he had been sued for the sum of $7,000 upon a forged note. He had placed a mortgage upon his personal property on October 7, 1926, in favor of his brother, Alfred Roth, to protect against the suit on the forged note. Roth and the banker agent of the insurance company each lived in Papillion, Sarpy county. After the fire the appellant company sought to avoid liability on the ground that there was a chattel mortgage upon the property at the time the insurance policy was written.

The policy contained the following provision: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after the loss."

Appellant alleged in the amended answer that appellee concealed and misrepresented in writing that the property insured was not mortgaged, when in fact the appellee had, prior to the signing of said application, mortgaged said property.

The amended answer also set forth the following provision of the policy: "This entire policy, unless otherwise provided by agreement indorsed herein or added hereto, shall be void—if the subject of insurance be personal property and be or become incumbered by chattel mortgage."

It is strongly contended by the appellant that untrue representations made by the insured in his application for

insurance will void the policy where such representations related to matters material to the risk, and where, if a true answer had been made, no contract of insurance would have been entered into. *Goodell v. Union Automobile Ins. Co.,* 111 Neb. 228; *Muhlbach v. Illinois Bankers Life Ass'n,* 108 Neb. 146; *Morrissey v. Travelers Protective Ass'n,* 122 Neb. 329.

On the other hand, the appellee sets out the statute, section 44-322, Comp. St. 1929, which reads in part as follows: "No oral or written misrepresentation or warranty made in the negotiation for a contract or policy of insurance by the insured, or .in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty deceived the company to its injury."

In the case of *Calnon v. Fidelity-Phenix Fire Ins. Co.,* 114 Neb. 194, it was held: "Under the statute, the violation of a condition in a fire insurance policy by the mortgaging of the property insured does not invalidate the insurance, unless the breach of contract contributes to the loss."

To the same effect are the following cases: *Traynor v. Automobile Mutual Ins. Co.,* 105 Neb. 677; *Central Granaries Co. v. Nebraska L. M. Ins. Ass'n,* 106 Neb. 80; *Mayfield v. North River Ins. Co.,* 122 Neb. 63; *Security State Bank v. Aetna Ins. Co.,* 106 Neb. 126.

When the application was taken for the fire insurance policy, Mr. Roth took in the old policy of insurance on the same property and asked Banker Brown to write a new policy. In filling out the application, Brown asked if the property was mortgaged, and Roth said, "Yes," and testified: "I told him that mortgage don't amount to nothing, it was to protect myself, because they had $7,000 forged notes against me." So the local agent knew all the facts relating to this alleged mortgage, and knew that Roth owed his brother nothing, and that in reality there was no obligation thereon.

In the case of *Fidelity Mutual Fire Ins. Co. v. Lowe*, 4 Neb. (Unof.) 159, a syllabus is as follows: "An agent for an insurance company, authorized to solicit insurance, and receive, fill out, and transmit applications for insurance, binds the company which he represents in all knowledge received by him in the filling out of the application; and where an applicant in good faith states the answers truthfully, and the agent, with knowledge of the facts, enters false answers, and the policy is issued thereon, the wrong of the agent will be imputed to his principal, and the company will be estopped by the statements of its agent."

To the same effect are *Home Fire Ins. Co. v. Fallon*, 45 Neb. 554; *German Ins. Co. v. Frederick*, 57 Neb. 538; 14 R. C. L. 1174, sec. 351; *Busboom v. Capital Fire Ins. Co.*, 111 Neb. 855.

Appellant urges the case of *Morrissey v. Travelers Protective Ass'n*, 122 Neb. 329, as holding to the contrary. The following distinction may be drawn between that case and the one at bar: In that case, the application was made out by the insured, who made a false answer as to his eyesight, and this defective eyesight was a direct, contributing cause to his injury, which would doubtless have been avoided if his eyesight had been as represented by him in his application.

It may be stated as a general rule that an agent, in making out an application for insurance, acts as the agent of the insurer, and not of the insured, and if the insured makes honest answers to all questions propounded, the insurer cannot take advantage of a false answer inserted by its agent, contrary to the facts as stated to the agent by the applicant.

We have examined the other errors assigned, and finding no prejudicial error in the judgment, the same is

AFFIRMED.