MARY McAULIFFE, ADMINISTRATRIX, &c., RESPONDENT,
v. METROPOLITAN LIFE INSURANCE COMPANY, AP-
PELLANT.

Submitted December 9, 1918—Decided June 17, 1919.

In an action on a life insurance policy, testimony of the widow of
deceased that her husband "was not sick" before date of the
policy, "never had any trouble for five years, as far as she knew,
except to get a cold," *held*, insufficient to raise a jury question
in contradiction to testimony of the attending physician that he
had at such time treated deceased for chronic bronchitis and
that he was afflicted by that disease.

On appeal from the Supreme Court.

For the appellant, *Randolph Perkins.*

For the respondent, *Thomas R. Armstrong.*

The opinion of the court was delivered by

PARKER, J. The Supreme Court affirmed the judgment
of a District Court in a suit on three policies of insurance
upon the life of Patrick McAuliffe, deceased, and the pro-
priety of this affirmance is the question before us. We con-
clude that it was erroneous upon three grounds.

1. The policies, all alike, contained a clause that "no obli-
gation is assumed by the company prior to the date hereof,
nor unless on said date the insured is alive and in sound
health;" and it appeared without dispute that on the respec-
tive dates of the policies the insured was not in sound health.

2. Each policy contained a clause making it void if the
insured before its date "has had any pulmonary disease, or
chronic bronchitis * * *," and it appeared without dispute
that before the date of each policy the insured had had
chronic bronchitis.

3. Each policy contained a clause making it void if the

insured before its date had been attended by a physician for any serious disease or complaint; and it appeared without dispute that deceased before such date had been attended by a physician for chronic bronchitis.

Usually, in this class of cases, the question is whether the insured has been guilty of fraud, or has made some false representation as an inducement to the issue of the policy. Such was the situation in *Guarraia* v. *Insurance Company*, 90 *N. J. L.* 682, relied on by respondent. But, in the case at bar, the determinative factor by the language of the policies is the existence of a physical condition in the insured, without any reference either to his knowledge of it or his statements on the subject. If at the date of any policy he was not in sound health, the policy never became a contract; if before the date of either policy he had had chronic bronchitis, or had been treated by a physician for any serious disease or complaint, the contract, if it came into being, was voided.

The evidence of the attending physician of deceased, confirming his statements in the written proofs of death, was that he had treated the man for chronic bronchitis and asthma as early as November, 1915, and in January and March, 1916, and March, 1917. The policies were dated, respectively,. November 20th, 1916; March 12th, 1917, and March 26th, 1917.

There was no contradiction of this testimony. The plaintiff, widow of deceased, testified that her husband "died from a cold, *as far as I know;*" that he *"was not sick;"* never had any trouble, *as far as she knew* for five years, except to get a cold. Such testimony has no evidential value, justifying its submission to the jury on the question whether deceased had chronic bronchitis or was in sound health. He could well have been in unsound health, and have had chronic bronchitis, without being characterized as "sick." A reading of her testimony makes it plain that by "sick" she meant sick in bed, or, at least, unable to work.

This testimony is of much the same character as that which we declared to be without value in *Howe* v. *Northern Railroad Co.,* 78 *N. J. L.* 683, 685, 686. It constituted no

substantial contradiction of the physician's testimony, and, in consequence, the court should have directed a verdict as requested, on the grounds specified above.

Let the judgment of the Supreme Court and that of the District Court be reversed, that a *venire de novo* issue.

*For affirmance*—WHITE, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   10.