## OSCAR GOLDNER *vs.* JOSEPH POLAK ET AL.

Third Judicial District, Bridgeport, October Term, 1928.
*WHEELER, C. J., MALTBIE, HAINES and BANKS, Js.

Argued October 30th—decided December 18th, 1928.

. * By stipulation of counsel this case was heard by four Justices.

*Lewis J. Somers,* for the appellant (defendant Joseph Polak).

*Frederick S. Harris,* for the appellee (plaintiff).

BANKS, J.   On May 19th, 1924, the plaintiff and the defendant Joseph Polak executed a contract by the terms of which Polak, named therein as the "owner," constituted the plaintiff "the sole agent of the said owner for a period of twelve months (and thereafter until termination at the expiration of a ninety days' written notice from the owner) to effect a sale" of the owner's farm in Yalesville.  The contract further provided that the plaintiff should use diligent efforts to effect a sale and that he should "receive five per cent of any offer accepted by the said owner during the life of this contract, whether the proposed purchaser is introduced to said owner by said agent or not."  The defendants are husband and wife, but the contract which is the basis of this action was executed by the plaintiff and the husband Joseph Polak only, and the verdict was against Joseph only.  The defendants sold their farm on or about June 11th, 1926, prior to which time they had not given the plaintiff any notice of the termination of the contract in question.  These facts were not in dispute, and the only substantial question in issue upon the trial was whether this contract was still in force at the time of the sale of the farm.   In the absence of the ninety days' notice of its termination, the contract was in force at the time of the sale unless it could be found that a notation upon the back of the contract was a part of it and could be held to be controlling as to the date when the contract terminated.  The contract executed by the parties was a printed form labeled "Sole Agency Contract," the blanks in the form being filled in, partly with typewriting and partly with pen and ink, with the names

of the parties, description of the property, the price and other details. Upon the back of the contract, folded for filing purposes, was a printed form calling for entries descriptive of the character of the paper, such as the name and address of the owner of the property, its location, the price asked and other details. One of the items on this printed backing of the contract read, "Contract expires," and the blank following it was filled in with the date August 19th, 1925, in typewriting. The entries upon this backing of the contract are quite obviously of the character of office memoranda commonly made upon documents indorsed for filing. No reference to them is made in the body of the contract and nothing appears anywhere upon the paper which would indicate an intention to make these indorsements a part of the contract itself. Evidence was offered by the plaintiff that these indorsements were made upon the back of the contract by the plaintiff's son, who had charge of the office records, after the contract was executed and as a part of the office record, and that he entered the date, August 19th, 1925, as a record of the date when the contract would expire if the ninety days' written notice was given. This was not contradicted by the defendant, who did not claim that this entry was upon the back of the contract at the time it was executed. The parties agreed that this entry was upon the back of the defendant's copy of the contract when he received it, the defendant, however, claiming that he received a copy of the contract the day it was executed, while the plaintiff testified that he mailed the defendant a copy two or three months after the date of its execution. There was no evidence from which the jury could reasonably have found that the parties intended to make this indorsement on the back of the contract a part of the contract itself.

The defendant testified, over the objection of the plaintiff, that during conversation with the plaintiff, at the time the contract was executed, defendant objected to signing a contract for a year, but finally consented to one which would terminate in fifteen months with no written notice, and that the plaintiff said he would put that in the contract. The contract was not so drawn, but the defendant is not seeking to have it reformed. His answer is a general denial and, under the pleadings, whether the contract as executed does not, because of fraud or mistake, state the real agreement of the parties was not in issue. The defendant also testified that he told the plaintiff in July, 1925, that if the latter could not sell the farm he would get somebody else to sell it and that the plaintiff told him to go ahead, that he would be glad to have him do so. This it is claimed by the defendant constituted a waiver by the plaintiff of the ninety days' written notice required to terminate the contract, and terminated the contract at that time. Such defense cannot be taken advantage of under a general denial, but should have been specially pleaded. *Boston Lumber Co.* v. *Pendleton Bros., Inc.,* 102 Conn. 626, 633, 129 Atl. 782; 13 Corpus Juris, 738.

The plaintiff's evidence that he had duly performed his part of the contract was uncontradicted, and he was entitled upon the case presented to a directed verdict in his favor for the amount of the commission agreed upon.

There is no error.

In this opinion the other judges concurred.