GERTRUDE SOUZA, administratrix, *vs.* METROPOLITAN LIFE
INSURANCE COMPANY.

Bristol.   October 28, 1929. — January 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Life.   *Evidence,* Presumptions and burden of proof, Of identity, Hospital record.   *Practice, Civil,* Charge to jury.

A condition of a policy of life insurance was that it might be declared by the insurer to be void if the insured before its date had had any pulmonary disease not specifically set out by him in a "Space for Endorsements."   At the trial of an action upon the policy, the de-

fendant contended that the insured had had such a disease. The plaintiff testified that the insured had been at a certain State hospital previous to the date of the policy but denied that he had had tuberculosis. The hospital was for tubercular patients. The defendant, subject to exception by the plaintiff, was permitted to introduce a record under G. L. c. 233, § 79, of a patient treated at the hospital for tuberculosis previous to the date of the policy, whose name and the city of residence were the same as those of the insured, except that the insured's name included a middle initial and there was no middle initial in the name of the patient in the record; and a record of the board of health of that city showing that the name of the insured was checked in a column headed "Tuberculosis." *Held,* that, while the similarity of names alone was not sufficient to establish that the insured was the patient at the hospital, when taken with the plaintiff's testimony and the residence in the city in question, there was enough evidence of identity to warrant the admission of the records.

The plaintiff was bound by the conditions of the policy above described although the attention of the insured was not called to them.

The defendant was not bound to exercise the right to avoid such policy at any time; the question of previous avoidance by the defendant was immaterial at the trial of the action on the policy.

At the trial above described, the judge charged the jury that if they "should find these records related to the insured, and that they indicated that the insured was suffering from a pulmonary disease," they should find for the plaintiff for the amount of premiums paid by the insured. The plaintiff excepted to such portion of the charge. The jury found for the plaintiff for the amount of the premiums. *Held,* that there was no error, as the quoted language must have been taken to mean that if, upon weighing all the evidence, the jury found that the records were to be trusted, the defendant was liable merely for the premiums paid.

CONTRACT upon a policy of life insurance. Writ in the Second District Court of Bristol dated February 16, 1925.

On removal to the Superior Court, the action was tried before *Greenhalge,* J. Material evidence and exceptions saved by the plaintiff with relation thereto are stated in the opinion.

The plaintiff asked for and the judge refused the following rulings:

"3. The plaintiff is not bound by the conditions of the policy unless they were called to the attention of the deceased at the time the policy was made out.

"4. Even if the defendant had the right to declare the policy void, that right would have to be exercised within a reasonable time of the delivery of the policy.

"5. The defendant did not exercise any right to avoid the policy within a reasonable time.

"6. If the jury found that the defendant did not exercise in a reasonable time whatever right it had to declare the policy void, then the plaintiff is entitled to recover."

"8. There is no evidence that the policy was declared void."

The jury found for the plaintiff in the sum of $12.50. The plaintiff alleged exceptions.

*D. R. Radovsky*, (*H. W. Radovsky* with him,) for the plaintiff.

*W. E. Fuller*, for the defendant.

WAIT, J.   The defendant on October 29, 1923, issued a policy of life insurance to John G. Souza whose home was in Fall River. A condition of the policy was that if "the Insured has . . . within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease . . . unless such . . . previous disease is specifically recited in the 'Space for Endorsements' on page 4 . . . then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy, except in the case of fraud, in which case all premiums will be forfeited to the Company." John G. Souza died in April, 1924. In answer to an action brought upon the policy, the defendant set up that this condition had been violated, in that the insured before the date of the policy had been attended by a physician for pulmonary disease. No recital of such disease was made in the "Space for Endorsements." No claim of fraud was made.

A jury found for the plaintiff for $12.50, the amount paid as premiums on the policy. The case is before us upon exceptions to the admission of records of the Lakeville Sanatorium; to the refusal to instruct the jury as the plaintiff requested; and to the statement in the charge that "if the jury should find these records related to the insured, and that they indicated that the insured was suffering from

a pulmonary disease," they should find for the plaintiff in $12.50.

The plaintiff testified that John G. Souza, her son, the insured, was at the Lakeville Sanatorium from March to December, 1921. She denied that he had tuberculosis. The Lakeville Sanatorium is a hospital for tubercular patients maintained in part by the Commonwealth; and by G. L. c. 111, § 70, must keep records which, by G. L. c. 233, § 79, are made admissible in evidence. The record admitted showed that John Souza of Fall River was admitted in February, 1921, suffering from a moderately advanced case of tuberculosis, first definitely found on March 8; that there was consolidation of part of the lungs due to pulmonary disease; that he was discharged December 17, 1921. A record of the board of health of Fall River, admitted without objection, showed that in February, 1921, John G. Souza was checked in a column headed "Tuberculosis." The identity of the "John Souza" of the Lakeville and of the John G. Souza of the Fall River records with the insured, John G. Souza, was matter of proof. The similarity of the names alone was not enough to establish it; but taken with the testimony of the mother and the residence in Fall River there was enough evidence° of the identity to warrant the admission of the records. *Ayers* v. *Ratshesky*, 213 Mass. 589. *Dolan* v. *Mutual Reserve Fund Life Association*, 173 Mass. 197, 202. *Hinds* v. *Bowen*, 268 Mass. 55.

The rulings requested were denied rightly. The plaintiff was bound by the conditions of the policy although the attention of the deceased was not called to them. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *Paulink* v. *American Express Co.* 265 Mass. 182. The defendant was not bound to exercise the right to avoid the policy at any time. The question of avoidance was immaterial. The condition limited the liability of the insurer to a return of the premiums if claim was made on the policy and the insured had had pulmonary disease before the date and this had not been recited.

Nor was there error in the charge. The judge left to the jury to decide whether the Lakeville and Fall River records

related to the insured, and what weight was to be given them as proof that the insured had been treated for serious disease within two years of October 29, 1923, and had had pulmonary disease before that date. The language used must have been taken to mean that if they found on weighing all the evidence that these records were to be trusted, then, under the policy, the plaintiff could recover only the amount of the premiums paid.

*Exceptions overruled.*