RITA ORSINI, PLAINTIFF-APPELLEE, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *McCarter & English.*

For the appellee, *Nicholas A. Tomasulo* and *Eugene A. Liolla.*

PER CURIAM.

This is an appeal from a judgment for plaintiff in an action brought by her on a policy of life insurance issued by appellant, insuring Anna DeStefano, the mother of plaintiff.

1. Under point one of its brief, appellant urges that plaintiff below was not entitled to sue for the proceeds of the policy.

The policy provides that the insurer will "pay   *   *   * to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph." Then follows a facility of payment clause, which permits the insurer to make payment to certain persons. It has been held that this clause is for the convenience of the company and payment so made absolves the company from further liability. In this case the company did not make payment to any person.

The policy further provided:

"The conditions, privileges and concessions to policyholders, schedule on page 4 hereof, and any endorsement either printed or written as made by the company, on any of the pages following, are a part of this contract as fully as if recited over the signatures hereto affixed."

Under the caption "Space for Endorsements referred to in conditions on page 2:   *   *   *   Space for waivers by the company," appears the following:

"Subject to the provision of the policy authorizing payment at the company's option to other persons,

Rita Orsiner                      daughter
(Name)                (Relationship to Insured)
has been designated beneficiary, to receive death benefit only.

August 22d, 1928.             W. C. Fletcher,
                                    Secretary."

By the terms of the contract plaintiff below was designated as beneficiary to receive the death benefit, and, in our opinion, may maintain suit.

2. Appellant's second point is that there can be no recovery under the policy because insured was not in sound health on the date of the issuance of the policy, and because

within two years prior thereto she had been attended by a physician for a serious complaint and had a disease of the kidneys. The policy contained this provision:

"If (1) the insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the insured * * * has, within two years before the date hereof, been attended by a physician for any serious complaint, or before said date, has had any * * * disease of the * * * kidneys * * * the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the policy, except in the case of fraud, in which case all premiums will be forfeited to the company."

The proofs fail to show that the company declared the policy void. It did, however, resist payment of the claim upon the grounds stated, and upon other grounds.

The policy was dated August 6th, 1928. The insured died September 24th, 1928.

Three physicians produced by appellant testified they had treated Mrs. Anna DeStefano, the insured, for serious ailments.

Dr. Abijah O. Buck testified that he had treated insured for chronic nephritis, a disease of the kidneys, in July, 1928, and that, in his opinion, she was not in sound health on the date of the policy.

Dr. Frederick Luongo testified that in 1927 he had treated her for purulent cystitis, which he characterized as a serious complaint. He further said the condition for which he treated her was incurable.

Dr. Howard F. Brock testified that he attended insured from October 12th, 1926, to February 5th, 1927, and that she was suffering from umbilical hernia, cystitis and nephritis and that the last-mentioned diseases are serious.

There was no testimony offered to contradict the testimony of these three physicians. The court was, therefore, bound by this uncontroverted testimony. *McAuliffe* v. *Metropolitan Life Insurance Co.*, 93 *N. J. L.* 189.

From this testimony it appears that, contrary to the terms of the policy, insured was not in sound health on August 6th, 1928, and that within two years before that date she had been attended by a physician for a serious disease or complaint, namely, kidney disease.

In such situation, the policy provides that in the case of any claim under the policy, the liability shall be limited, in the absence of fraud, to the return of premiums paid. We conclude that, under the proofs, there could be no recovery of the sum payable under the policy, and the judgment must be reversed.

The judgment of the District Court is reversed, with costs.