MICHAEL POPOWICZ, ADMINISTRATOR, (ESTATE OF ANNA POPOWICZ) *vs.* THE METROPOLITAN LIFE INSURANCE COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued December 1st, 1931—decided February 16th, 1932.

*Walter E. Monagan,* for the appellant (defendant).

*William K. Lawlor,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff sought to recover upon a policy of insurance issued upon the life of Anna Popowicz. The defendant claimed a breach of the following provision in the policy: "If, (1) the insured is not alive or is not in sound health on the date hereof; or if (2) . . . before said date, the insured has had any pulmonary disease . . . then, in any such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of the premiums paid on the policy." If there was a breach of either or both of these provisions, in the absence of some countervailing circumstance, the defendant was not liable. *Barker* v. *Metropolitan Life Ins. Co.,* 188 Mass. 542, 545, 74 N. E. 945; *Packard* v. *Metropolitan Life Ins. Co.,* 72 N. H. 1, 54 Atl. 287; *Metropolitan Life Ins. Co.* v. *Chappell,* 151 Tenn. 299, 309, 269 S. W. 21; *Logan* v. *New York Life Ins. Co.,* 107 Wash. 253, 181 Pac. 906; *Murphy* v. *Metropolitan Life Ins. Co.,* 106 Minn. 112, 118 N. W. 355. It was not necessary that it should declare the policy void in order to resist liability when sued upon it after the death of

the insured. *Souza* v. *Metropolitan Life Ins. Co.*, 270 Mass. 189, 170 N. E. 62; *Orsini* v. *Metropolitan Life Ins. Co.*, (N. J.), 154 Atl. 201. The trial court has found that the insured was not in sound health when the policy was issued and at that time had and for some time before had had pulmonary tuberculosis. Under the facts of this case a good defense to the action was established. That the insured did not know she had this disease or had suffered before the issue of the policy from anything more than temporary ailments and hence that she was not guilty of any wilful misrepresentation in her application for the policy, even if the finding of the trial court to this effect should be sustained, could not avail the plaintiff. The facts that she was examined by a physician representing the company before the policy was issued and that he reported her to be in sound health, would not in themselves be sufficient to establish a waiver of compliance with the conditions in the policy. Such a waiver, if it could exist at all, would have to rest upon the further fact that the physician discovered or ought in the exercise of reasonable care to have discovered that the insured was suffering from tuberculosis. But such a situation is not found. Nor could the plaintiff take advantage of it without proper pleading. *Goldner* v. *Polak*, 108 Conn. 534, 537, 143 Atl. 882.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.