514

WALTER A. SCOTT, APPELLEE, V. NEW ENGLAND MUTUAL
LIFE INSURANCE COMPANY, APPELLANT.

FILED MARCH 30, 1934. No. 28774.

*William Baird & Sons, Reginald Foster* and *George Hoague,* for appellant.

*Brogan, Ellick & Van Dusen, W. A. Stewart, Jr.,* and *Robert B. Hamer, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

PAINE, J.

Plaintiff brought action against defendant on supplemental agreements for monthly payments of $50 each, allowed for permanent disability, on two policies of life insurance, written in the amount of $5,000 each, dated July 18, 1928, upon each of which the annual premium was $94.50 a year; plaintiff at the time of the issuance of the policies being 21 years of age. Verdict was for $971, for which judgment was entered.

Plaintiff alleged that on May 1, 1931, he had become totally physically incapacitated, due to disease of his right testicle, and although he had made repeated demands upon the defendant, they had refused to pay the amount due.

The defendant for answer admitted the issuance of the two policies of $5,000 each upon the life of the plaintiff, and admitted that supplemental agreements were thereto attached, providing for monthly payments in case of total physical disability.

The defendant alleged that said policies of insurance were secured through false and fraudulent representations and warranties and concealments of material facts, in that plaintiff represented that he had never had any serious illness or disease, and had not been afflicted with, nor ever suspected of having, tuberculosis, or any disease of the genito-urinary organs, and that the only illnesses or disease which he had had since childhood consisted of a mild attack of influenza in 1918 and of chicken pox in 1915, and that he had never undergone a surgical operation, and defendant's exhibit No. 5 shows that he made such answers over his own signature to the medical examiner at Gothenburg upon July 7, 1928. That he had not consulted a physician within five years; that such representations and warranties were false, and knowingly made with intent to deceive, and that the defendant relied upon such representations and was deceived thereby to its injury. That within a year preceding the procurement of said supplemental agreements, the plaintiff had had a serious illness, and had tuberculosis, and defendant asked that the cause of action be dismissed, and that the agreements as to disability benefits, as set out in plaintiff's petition, be adjudged forfeited, void and unenforceable.

The plaintiff testified that he was solicited to purchase said insurance by L. A. Burson, local agent of the defendant company, at Gothenburg, Nebraska; that he had worked at farm work, planting and plowing corn and putting up hay, and had worked as a clerk in a grocery store, and worked on the block line in an automobile factory in Detroit, and had worked for a couple of months in a furniture house in Los Angeles, but that since May 1, 1931, he had been physically disabled from performing any work.

Dr. Edwin Davis, surgeon, a rather unwilling witness for defendant, testified that on November 25, 1927, the plaintiff first called at his office in Omaha for an examination, having been sent to him by his local physician in Gothen-

burg for a swelling in the scrotum; that on January 16, 1928, he returned for a reexamination, and upon the next day he was operated on in the hospital for epididymectomy, which is an operation for the removal of the epididymis, and in that operation he removed one of plaintiff's testicles because of its tubercular condition.

The facts support the conclusion that, 5 months and 20 days prior to the day of plaintiff's answer that he had not consulted a physician, his left testicle, having become tubercular, was removed, and he remained in the hospital thereafter for some days. He can scarcely be held to have forgotten this operation when he made these answers. His present total disability is due to a tubercular right testicle, being for the exact disability he concealed in his answers to the defendant.

The principal reliance of the appellant for reversal is based upon the answers made by the plaintiff as to his previous health in the application, which answers are alleged to be false, and that the agreements to pay disability benefits were procured by the concealment of material facts as to plaintiff's previous health and his false warranties and representations made in securing the same.

In the case of *Morrissey v. Travelers Protective Ass'n*, 122 Neb. 329, this court had before it an application in which the question was asked, "Is your eyesight impaired?" to which the insured made answer, in his own handwriting, "No," and admitted on the trial that he had a traumatic cataract of the left eye, which destroyed practically all of the sight therein. His defense is that, when he came to filling out this question, he asked the member of the defendant company who was soliciting him for the application what his answer should be, and that the friend told him, "Since you can see all right, the answer should be 'No,'" and that such answer was not a warranty, but a representation not material to the risk. If a truthful answer had been made by the plaintiff, the policy would never have been issued, and a directed ver-

dict for the defendant company was sustained in this court.

Section 44-322, Comp. St. 1929, reads in part as follows: "No oral or written misrepresentation or warranty made in the negotiation for a contract or policy of insurance by the insured, or in his behalf, shall be deemed material or defeat or avoid the policy or prevent its attaching unless such misrepresentation or warranty deceived the company to its injury."

Representations that the applicant has had no medical attention in the five years preceding, and has never received or applied for treatment at any hospital, are representations that are material to the risk, so that their falsity invalidates the policy. *Minsker v. John Hancock Mutual Life Ins. Co.*, 254 N. Y. 333, 81 A. L. R. 829. In the notes to this case in the A. L. R. appears a full discussion of every phase of this subject, supported by abundant citations of authority.

In the case of *Muhlbach v. Illinois Bankers Life Ass'n*, 108 Neb. 146, we find a reversal of a judgment for plaintiff, based upon fraud in that the insured denied in answer to a question, that his parents or sister had ever been afflicted with insanity, which was false, and it is stated that untrue answers in reference to matters of opinion or judgment will not avoid a policy if made in good faith and without intention to deceive, but if such untrue answers are shown to be within the knowledge of the applicant, and are material to the risk, such answers will avoid a policy. In this and other cases it is material to examine the question whether, if a true answer had been made, the policy of insurance would have been written. *Souza v. Metropolitan Life Ins. Co.*, 270 Mass. 189; 4 Cooley, Briefs on Insurance (2d ed.) 3293; *Stanulevich v. St. Lawrence Life Ass'n*, 228 N. Y. 586.

We are convinced, from an examination of the record and the briefs, that the statements were made by the insured as written, and that they were false; that the defendant company was thereby deceived by such untrue

answers, made knowingly by the insured, on points material to the risk, and that the company relied thereon to its damage; that, if truthful answers had been made about his own personal medical history and physical condition, the supplemental agreements would not have been issued.

REVERSED AND REMANDED.