JOSEPH BARRASE, ADMINISTRATOR, ETC., OF CARMONICA BARRASE, DECEASED, ALSO KNOWN AS CARMELA DI GIACOMO BARRASE, DECEASED, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May term, 1934—Decided August 3, 1934.

Before Justices LLOYD, CASE and DONGES.

For the defendant-appellant, *Herbert R. Baer*.

The opinion of the court was delivered by

CASE, J. The action was upon an insurance policy issued by the defendant company covering the life of plaintiff's decedent. The judge, sitting without a jury, gave judgment to the plaintiff. Defendant appeals.

The specification of determinations sets out, and appellant's brief argues, numerous rulings, to which exception was taken. We think, however, that the subject-matter will sufficiently appear in the discussion of appellant's point three, which is that the trial court erred in not finding affirmatively upon the defendant's eighth request as follows: "That under and by virtue of the terms and conditions of the policy herein sued on, the policy of insurance in this particular case is void, and there can be no recovery of the sum payable under the policy."

The policy was issued November 2d, 1931, and the insured died of pulmonary tuberculosis April 17th, 1932. The policy contained amongst other provisions the following:

"If, (1) the Insured is not alive or is not in sound health on the date hereof; or if (2) * * * the Insured * * * has, within two years before the date hereof, been attended by a physician for any serious disease or complaint, or, before said date, has had any pulmonary disease, * * * then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy, shall be limited to the return of premiums paid on the Policy * * *."

The only medical testimony was given by Dr. Marshak, a practicing physician of the State of New Jersey, and a specialist in tubercular diseases. He testified that he had physically examined the insured on June 17th, 1928, at the Hudson County Tuberculosis Clinic in Bayonne and found that she

was suffering from pulmonary tuberculosis which, on the basis of that examination, he classed as 2 B; that at the same time he had X-ray photographs taken and upon the showing of those photographs changed the classification from 2 B to 3 B because the type of tuberculosis shown by the photographs was more serious than had been disclosed by the physical examination; that on the date mentioned the sputum of the insured was tested and showed positive for pulmonary tuberculosis; that the witness had again attended the insured in September, 1930, and found that she was still suffering from tuberculosis and that her sputum was positive; that he treated her again in October and still again in November of the same year and then advised sanatarium treatment; that the witness had seen the insured again in December, 1931, at the Bayonne Hospital, and that she was then suffering from the same tubercular condition that she had had in 1928 and 1930, but that the disease had meanwhile been progressive and had included in its development a toxic joint and muscle condition; that the insured's condition in 1928 and 1930 constituted a serious disease or complaint and that in the opinion of the witness the insured was not in sound health on November 2d, 1931, the date of the policy, but was then suffering an active tuberculosis. There was no contradiction of that testimony. It is true that the plaintiff, husband of the deceased insured, testified, over objection by the defendant, that prior to November 2d, 1931, the insured "was always on her feet, cooking for me and serving on me," had "never complained to me" and so far as the witness knew had not called in a doctor for treatment before December, 1931; and that a friend of the family testified, likewise over objection, that the witness had frequently seen the decedent in her own house and in the witness' home and that "she look in good condition with me." But this testimony is of the character declared by the Court of Errors and Appeals in *McAuliffe* v. *Metropolitan Life Insurance Co.*, 93 *N. J. L.* 189; 107 *Atl. Rep.* 258, to be without evidential value on the question whether the deceased had disease or was in sound health.

We conclude that the proofs demonstrate, without contradiction, that the deceased was not in sound health on the date of the policy and that the insured had, within two years before that date, been attended by a physician for a serious disease or complaint and that before that date she had a pulmonary disease. It follows that the company was thereupon, by the terms of the policy, authorized to declare the policy void and to limit its liability to the return of the premiums paid on the policy. The company did declare the policy void and made a tender, which was refused, of the amount of the premiums paid on the policy.

The question of fraud does not enter; and we need not determine whether the insured had knowledge of her true physical condition. The terms of the policy, supplemented by uncontradicted proof of the physical condition and history and by the declaration of the company voiding the policy, are determinative. *McAuliffe* v. *Metropolitan Life Insurance Co., supra; Prahm* v. *Prudential Insurance Co.,* 99 *N. J. L.* 288; 122 *Atl. Rep.* 752; *Orsini* v. *Metropolitan Life Insurance Co.,* 9 *N. J. Mis. R.* 407; 154 *Atl. Rep.* 201. The trial judge should have found as requested.

The judgment of the District Court is reversed.