WALTER A. SCOTT, APPELLEE, v. NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, APPELLANT.

FILED OCTOBER 26, 1934. No. 28774.

*William Baird & Sons, Reginald Foster* and *George Hoague,* for appellant.

*Brogan, Ellick & Shoemaker, W. A. Stewart, Jr.,* and *Robert B. Hamer, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and REDICK, District Judge.

PAINE, J.

The plaintiff brought action against defendant insurance company on two supplemental agreements attached to two $5,000 life insurance policies, which supplemental agreements each provided for payments of $50 a month if permanent disability occurred. The case was tried to a jury, and a verdict was returned in favor of the plaintiff. The motion for new trial being overruled, judgment was entered on the verdict.

This cause was argued to division No. 1 of this court on January 5, 1934, and an opinion of reversal was entered, and is found in 126 Neb. 514. Motion and brief for rehearing were duly filed. Oral argument for rehearing was allowed to the full court on October 1, 1934.

The defense was based principally upon two untrue statements found in the application for insurance which plaintiff signed, a copy of which is attached to, and made a part of, each policy. Question No. 13 read: "Have you had any serious illness or disease? State fully." Answer: "No." Question No. 15: "Has any member of your family been afflicted with insanity or tuberculosis? Give details." Answer: "No."

The policy provided that it should be incontestable after it had been in force for one year, except as to additional benefits specifically granted in the event of total and permanent disability, and this action was founded upon such supplemental agreement for total and permanent disability, for which an extra premium had been charged.

The facts may be stated briefly, that less than six months prior to the date of signing said application insured's left testicle was removed because it had become tubercular, and that the total and permanent disability alleged, for which payment of $100 a month is demanded, is based upon the fact that his right testicle has now also become tubercular. Insured answered that no member of his family had been afflicted with tuberculosis, while he had only recently suffered the loss of an organ for that very disease. He also made answer that he had not had any serious illness or disease, which was also false. The defense offered is, that he did not make these answers in the application, but that the agent wrote in such answers, unknown to him, and that he did not read the application before signing the same, and should not be made to suffer for the fraud of the agent.

In *Damgaard v. South Dakota Benevolent Society*, 254 N. W. (S. Dak.) 924, the insured certified in her application: "I am in good health. That I have no ailment that I know of that will shorten my natural life." November 1, 1932, policy was issued. December 26, 1932, she died of a heart ailment, with which she had been afflicted for more than a year, and for which she had been taking medicine, and a week prior to signing the application she had been in bed and attended by a physician. Deceased was not in good health, and the representation to that effect was knowingly false. To permit a recovery under all the circumstances shown by this record would be to sanction a fraud.

Let us next consider the case of *Jefferson Standard Life Ins. Co. v. Stevenson*, 70 Fed. (2d) 72: "General motion for directed verdict, followed by timely exception to denial

thereof and appropriate assignment of error, is sufficient to raise question of sufficiency of evidence to support verdict for opposite party on appeal."

The application, made a part of the policy, had the answer that the applicant had not suffered from any disease of the lungs; had not consulted a doctor for any other cause within the past five years. The testimony showed that in July preceding she made five visits to a doctor's office, and he told her she had lung trouble, and advised her to stay in bed and keep 'the children away from her. The doctor testified that he told the plaintiff that his wife was suffering from pulmonary tuberculosis, which the plaintiff denied on the stand. The court say:

"It was error to refuse to give the peremptory instruction. * * * Whatever her own opinion as to whether she was suffering from a disease of the lungs might have been, her representation that she had not received medical attention within five years was untrue. * * * The answer to the crucial question was not partial or imperfect; it was full and complete."

In *Prudential Ins. Co. v. Ashe,* 266 Mich. 667, the insured's statement to agent was that he was in good health, and he concealed the fact that he had been ill with pleurisy, was being treated for fistula, had finished treatment for lumbago, and had a condition indicating tuberculosis. The court held that such misrepresentation of facts voided reinstatement of life policy.

The United States supreme court has considered a very similar case, *New York Life Ins. Co. v. Fletcher,* 117 U. S. 519, 29 L. Ed. 934. It was stated in the application that the applicant had never had a disease of the kidneys, and had never been seriously ill; while the truth was that he had been afflicted with diabetes, for which he had been treated for some time, and of which he actually died. The defense was that the insured had stated the facts truthfully, and that the agent had falsely written in wrong answers, but the court, in passing upon this case, held:

"It was his duty to read the application he signed. He

knew that upon it the policy would be issued, if issued at all.

"It would introduce great uncertainty in all business transactions, if a party making written proposals for a contract, with representations to induce its execution, should be allowed to show, after it had been obtained, that he did not know the contents of his proposals, and to enforce it, notwithstanding their falsity as to matters essential to its obligation and validity."

The opinion also discussed another view of the case, equally fatal to recovery: Assuming that the answers of the insured were falsified by the agent, as alleged, the fact would at once be disclosed to the insured by the application annexed to the policy delivered to him. He would have discovered by inspection that a fraud had been perpetrated, not only upon himself, but upon the company, and it would have been his duty to make the fact known to the company.

In *Royal Neighbors of America v. Wallace,* 73 Neb. 409, it was held: "An untrue answer in an application for life insurance in regard to matters which are shown to be within the knowledge of the applicant and are material to the risk will avoid the policy."

In subdivision 4 of section 44-602, Comp. St. 1929, it is provided that all statements made by the insured shall *in the absence of fraud* be deemed representations, and not warranties, and that no such statement shall avoid the policy unless it is contained in a written application. Taken in connection with the next subdivision, 5, which provides that a policy shall be incontestable after it has been in force for a certain length of time, it provides the specific exemption as to total and permanent disability provisions.

It should be clearly kept in mind that the defendant is meeting no attack upon the two life insurance policies of $5,000 each, based upon the application in which the untrue answers appear, but is only seeking to defend against

a recovery upon the total and permanent disability riders attached thereto.

The general rule that statements relating to the health and physical condition of applicants for life insurance are material to the risk, and, if false, are fatal to the policy, is well settled.

In *Empire Life Ins. Co. v. Gee*, 171 Ala. 435, it is said: "We would not be inclined to adopt a construction of the statute which in some, though rare, cases would amount to a practical foreclosure against insurance companies of all remedy for fraud."

In the case of *Muhlbach v. Illinois Bankers Life Ass'n*, 108 Neb. 146, we find a reversal of a judgment for plaintiff, based upon fraud in that the insured denied, in answer to a question, that his parents or sister had ever been afflicted with insanity, which was false, and it is stated that untrue answers in reference to matters of opinion or judgment will not avoid a policy if made in good faith and without intention to deceive, but if such untrue answers are shown to be within the knowledge of the applicant, and are material to the risk, such answers will avoid a policy. In this and other cases it is material to examine the question whether, if a true answer had been made, the policy of insurance would have been written. *Souza v. Metropolitan Life Ins. Co.*, 270 Mass. 189; 4 Cooley's Briefs, 3293; *Stanulevich v. St. Lawrence Life Ass'n*, 228 N. Y. 586.

The following authorities tend to support the position of the court in this case: *Hews v. Equitable Life Assurance Society*, 143 Fed. 850; *Johnson v. American Nat. Life Ins. Co.*, 134 Ga. 800; *Bowyer v. Continental Casualty Co.*, 72 W. Va. 333; *Kaffanges v. New York Life Ins. Co.*, 59 Fed. (2d) 475; *Joseph v. New York Life Ins. Co.*, 219 Ill. App. 452; *Metropolitan Life Ins. Co. v. Jennings*, 130 Md. 622; *Mutual Life Ins. Co. v. Long*, 12 Ohio App. 252; *Seaback v. Metropolitan Life Ins. Co.*, 274 Ill. 516; *Wingo v. New York Life Ins. Co.*, 101 S. E. (S. Car.) 653.

The defense in this case is fraud, and fraud vitiates

everything, and it is not ordinarily the policy of the law to put difficulties in the way of proving it. This suit was brought, not upon the policies, but upon the total permanent disability agreements attached thereto, which, it is alleged, would not have been issued if the medical examination had disclosed the true facts.

There is a grave question whether the motion for a directed verdict should not have been sustained in this case, but, not desiring to be too arbitrary in the matter, we will simply withdraw the former opinion and syllabus in this case, found in 126 Neb. 514, and restate the syllabus to more clearly show our holding, and reverse the judgment of the trial court, and remand the cause for further proceedings.

REVERSED.

ROSE, J., dissents.