NEVA MADAMA, SURVIVING EXECUTRIX OF THE ESTATE OF LIBERATA LATTANZIO, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted May 4, 1937—Decided July 7, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Clifford I. Voorhees.*

For the respondent, *Joseph J. Messina* and *Herman H. Anekstein.*

PER CURIAM.

The judgment under review was entered by the trial judge, sitting without a jury, in favor of plaintiff in an action upon an insurance policy issued by the defendant covering the life of plaintiff's testatrix. Defendant appeals.

The defendant moved for a nonsuit and for a verdict for defendant upon several grounds, only one of which we think needs discussion.

The policy was dated November 25th, 1935, and the assured died of heart disease on April 26th, 1936. The cause of death was stated in the death certificate as "Chronic Myocarditis, Cardiac Hypertrophy Insufficiency." The proofs further disclose that the attending physician reported that the disease to his personal knowledge had endured for "four months," and its duration from history given was "about one or two years."

The policy contained, amongst other provisions, the following:

"If, (1) the Insured is not alive or is not in sound health on the date of issue hereof; or if (2) before the date of issue hereof, the Insured has * * * within two years before the date of issue hereof, been attended by a physician for any serious disease or complaint, or, before said date of issue, has had any * * * disease of the heart * * * unless such * * * medical attention or previous disease is specifically recited in the "Space for Endorsements" on the fourth page in a waiver by the Company; * * * then, in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of premiums paid on the Policy * * *."

The testimony was that there was no disclosure of any disease or attendance by a physician within two years; that, about eight months or a year before assured's death, Dr. Falcone was called to attend her, at her home; that he examined her and found that she had a "positive and serious heart condition known as myocarditis, mitral insufficiency, and cardiac hypertrophy, for which he prescribed a heart tonic,"

and "complete rest in bed, and warned her against over-exertion of any kind;" that he did not advise assured as to the seriousness of her condition.

It was testified that physical examinations were not usual before issuing policies of this kind, but the agent who solicited the insurance had a Dr. Csema examine assured, and this physician testified that assured signed the application and that there was no disclosure of any disease or attendance by a physician. He further testified that, on or about November 13th, 1935, he examined assured and that, in his opinion, her heart was normal at that time.

Whether assured was in good health at the time of issue of the policy may be a controverted question of fact, in view of Dr. Csema's testimony. It is not necessary to pass upon this question.

From the uncontroverted testimony, assured was attended by a physician for a serious disease or complaint within two years before the date of the policy. It is not disputed that Dr. Falcone treated her for the same disease or complaint which produced death. There was no disclosure by assured of such attendance and no waiver by the company.

The policy provides that, in such situation, the liability shall be limited, in the absence of fraud, to the return of premiums paid. We conclude that under the proofs, there could be no recovery of the sum mentioned in the policy, and the judgment must be reversed. *McAuliffe* v. *Metropolitan Life Insurance Co.,* 93 *N. J. L.* 189; 107 *Atl. Rep.* 258; *Orsini* v. *Metropolitan Life Insurance Co.,* 9 *N. J. Mis. R.* 407; 154 *Atl. Rep.* 201; *Barrase* v. *Metropolitan Life Insurance Co.,* 12 *N. J. Mis. R.* 631; 174 *Atl. Rep.* 165.

The judgment under review is reversed.