THOMAS PRICE, RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, A CORPORATION, APPELLANT.—129 S. W. (2d) 5.

St. Louis Court of Appeals. Opinion filed June 6, 1939.

*S. E. Garner* for respondent.

*Fordyce, White, Mayne, Williams & Hartman* and *R. E. LaDriere* for appellant.

*Harry Cole Bates* of counsel.

BECKER, J.—This action was filed before a justice of the peace to recover on an industrial policy of insurance, and was defended upon the ground that the insured was suffering from diabetes at the time of the issuance of the policy, which disease contributed to her death.

Plaintiff obtained judgment against defendant in the justice court, and upon trial *de novo* on appeal in the circuit court a verdict resulted for plaintiff for the face of the policy with interest and attorney's fees. Defendant in due course appeals.

The amended petition upon which the case was tried was conventional, alleging that the policy had been issued to Zolia Prince, wife of plaintiff, on June 15, 1936, and was payable to her estate; that the insured died on July 24, 1936, and that said policy was in full force and effect on said date; that plaintiff, on October 22, 1937, applied for and obtained refusal of letters of administration upon the insured's estate from the Probate Court of the City of St. Louis, Missouri; that demand had been made upon defendant for payment of the amount specified in said policy, and that payment had been refused; that said refusal was for vexation and delay only, and prayed judgment for the face of the policy with interest and attorney's fees.

It is conceded that plaintiff made a *prima facie* case. On behalf of the defendant, the proofs of death filed by plaintiff were offered in evidence, which proofs, made up of various affidavits attached together, were marked defendant's exhibits 1, 2, 3, 4 and 5.

When defendant offered these exhibits in evidence counsel for plaintiff made an objection seeking to limit the proofs of death solely to those things which went "to show the cause of death, to that extent I won't object to them." The court overruled the objection and plaintiff noted no exception thereto.

Defendant adduced testimony to the effect that the forms for each of these exhibits had been given to Thomas Prince, plaintiff, as claimant under the policy sued upon herein, and that he had them filled out and turned in to the company as and for his proofs of death in the matter.

Defendant's exhibits 3 and 5 of the proofs of death were the sworn statements of Dr. Henry A. Hampton and Dr. J. Owen Blache. Each of these statements was headed: "It is hereby admitted and agreed that this certificate . . . shall be considered as part of the proof of death under policy 124,206,297 in accordance with the conditions of said policy." This agreement in each of said exhibits was signed by Thomas Prince, claimant.

The affidavit of Dr. Henry A. Hampton (defendant's exhibit 3), among other things, stated that he had attended the insured Zolia Prince from December 11, 1935, to December 22, 1935, for diabetes mellitus. The affidavit of Dr. J. Owen Blache (defendant's exhibit 5), stated that he had performed an autopsy upon the body of Zolia Prince, the insured, and while the cause of death was noted therein as

bronchial pneumonia, and as a contributory or secondary cause, "Bilateral Cystic Ovaries about 7 months," the affidavit carries the further statement that he had attended the deceased "from 12-11-35 to 12-22-35 for diabetes mellitus. . . ."

Dr. J. Owen Blache was called as a witness by defendant and during his examination the court permitted defendant's exhibits 1, 2, 3, 4 and 5 to be read to the jury. Dr. Blache testified that he had made a post-mortem on the body of Zolia Prince and that he found that she had bronchical pheumonio and bilateral cystic ovaries and a history of diabetes. Over the objection of counsel for plaintiff the witness was permitted to answer the question whether or not "doctor, in your opinion, based upon your findings and the assumption that diabetes mellitus was in existence in December, 1935, whether that disease, diabetes mellitus, actually contributed to her death in July, 1936?" Dr. Blache answered that ". . . from the history given to me it is my opinion that the diabetes mellitus was the contributing cause of death."

At this juncture, after some colloquy, the court made a ruling which in effect sustained a renewed objection of counsel for plaintiff to strike out defendant's exhibit 3, the affidavit of Dr. Hampton, which had already been introduced in evidence and had been read to the jury, and concerning the information contained therein, Dr. Blache had theretofore been examined in chief and cross-examined by counsel for plaintiff. Thereafter counsel for defendant "withdrew from evidence" defendant's exhibit 5, being the affidavit of Dr. Blache, which was part of plaintiff's proof of death.

At the conclusion of the case and after the court had overruled an instruction asked by defendant in the nature of a demurrer to the evidence, upon written motion of counsel for plaintiff, the court struck out all of the testimony that had been given by defendant's witness Dr. Blache. Defendant duly excepted to this ruling. Thereupon counsel for defendant was permitted, with the consent of counsel for plaintiff, to reintroduce in evidence and again read to the jury Dr. Blache's affidavit (defendant's Exhibit 5).

The policy herein sued on contained a provision that "if, (1) the insured is not alive or is not in sound health on the date of issue hereof . . . then, in such case, the company may declare this policy void and the liability of the company in the case of any such declaration or in the case of any claim under this policy, shall be limited to the return of the premiums paid on the policy. . . ."

We are confronted at the outset, on this appeal, with the question as to whether or not, in light of our ruling in Fields v. Metropolitan Life Ins. Co. (Mo. App.), 119 S. W. (2d) 632, this provision in the policy herein sued on is available to the insurer after the death of the insured.

Life policies are liberally construed in favor of the insured and against the insurer, but such contracts are otherwise subject to the same rules of construction as apply to contracts generally, and such liberal construction cannot be carried to the point of abrogating vital provisions therein and substituting therefor new ones contrived by the courts.

In the Fields case, *supra*, we held an insurance policy, containing a like provision, went into effect on the date of its issuance irrespective of the state of the insured's health, subject to the right of the insurance company, at its election, during the lifetime of the insured, to declare the policy void in the event that the insured was not in sound health at the date of the issuance. [Hicks v. National Life & Accident Ins. Co. (Mo. App.), 96 S. W. (2d) 626.] And we further ruled that upon the death of the insured the rights and obligations of the parties became fixed and determined by reason of the happening of the contingency insured against ,and "it was then too late for defendant to attempt to exercise its election to declare the policy void, and so in the absence of a timely and effective declaration of avoidance as contemplated by the policy, the defense which is based upon such provision of the policy must fail for want of evidence to support it."

We adhere to that portion of the ruling which holds that under the provision in question the policy went into effect on the date of its issuance irrespective of the state of the insured's health, subject, during the lifetime of the insured, to the right of the insurer, at its election, to declare the policy void in the event that the insured was not in sound health on the date of its issuance. However, contrary to the Fields opinion, we have concluded, and hereby hold, that after the death of the insured, when a claim under the policy is presented, the liability of the insurer is limited to the return of the premiums paid on the policy if the insured was not in sound health at the time the policy was issued and the insured was then suffering from a disease or condition which caused or contributed to cause the insured's death. [See sec. 5732, R. S. Mo. 1929 (Mo. Stat. Ann., sec. 5732, p. 4373); Souza v. Metropolitan Life Ins. Co., 270 Mass. 189, 170 N. E. 62; Orsini v. Metropolitan Life Ins. Co., 154 Atl. 201, 209 (N. J. Misc. Rep. 407); Fraser v. Metropolitan Life Ins. Co., 5 Pac. (2d) 978; Barker v. Metropolitan Life Ins. Co., 188 Mass. 542, 545, 74 N. E. 945; Packard v. Metropolitan Life Ins. Co., 72 N. H. 1, 54 Atl. 287; Metropolitan Life Ins. Co. v. Chappell, 151 Tenn. 299, 309, 269 S. W. 21; Logan v. N. Y. Life Ins. Co., 107 Wash. 253, 181 Pac. 906; Popowicz v. Metropolitan Life Ins. Co. (Conn.), 158 Atl. 885; Murphy v. Metropolitan Life Ins. Co., 106 Minn. 112, 118 N. W. 355.] The ruling in the Fields opinion in so far as it is in conflict herewith should no longer be followed.

Defendant, appellant here, assigns as error that the trial court withdrew from the consideration of the jury defendant's exhibit 3, the affidavit of Dr. Hampton, which was a part of plaintiff's proof of death,

which contained the statement that he had treated the insured Zolia Prince from December 11, 1935 to December 22, 1935, for diabetes mellitus. The point is well taken.

This certificate of Dr. Hampton bore on its face, over plaintiff's signature, the notation: "It is hereby admitted and agreed that this certificate of Dr. Hampton shall be considered as part of the proof of death in policy 124,206,297, in accordance with the conditions of said policy." This was a waiver of the right of privileged communication between physician and patient. [Smiley v. John Hancock Mutual Life Ins. Co. of Boston, Mass. (Mo. App.), 52 S. W. (2d) 12, 14.]

Said defendant's exhibit 3 having been filed as part of the proof of death by plaintiff, the statements contained therein are admissible in evidence against him as admissions against interest, and when not contradicted or explained may preclude his recovery, though such statements against interest are not conclusive upon plaintiff's right to recover where other facts appear in explanation of or contradictory to the admissions. [Burgess v. Pan. Amer. Life Ins. Co. (Mo.), 230 S. W. 315.]

Error is assigned in the striking out of the testimony of Dr. Blache at the conclusion of the case. Dr. Blache had performed an autopsy upon the body of the insured and, by consent of counsel for plaintiff, Dr. Blache's affidavit, which was part of the proofs of death, was read in evidence. It carried at the top thereof a waiver signed by plaintiff, that the statement might be considered as part of the proof of death. In this situation Dr. Blache was a competent witness. The insured had never been a patient of Dr. Blache but he had performed an autopsy upon her body and was competent to testify as to what that autopsy disclosed, and as a medical expert he was entitled to "give his opinion (1) based upon facts within his own personal knowledge and observation or (2) based upon any hypothetical question based wholly upon facts testified to by other witnesses, or (3) based partly upon facts within his own personal knowledge and partly upon facts shown by the testimony of others. [De Donato v. Wells, 329 Mo. 448, 41 S. W. (2d) 184; Patterson v. Springfield Tractor Co., 178 Mo. App. 250, 259, 163 S. W. 955; Porter v. Equitable Life Assurance Society (Mo. App.), 71 S. W. (2d) 766.]" [Kelly v. Kansas City Bldg. & Loan Assn., 229 Mo. App. 686, 81 S. W. (2d) 440, 446.]

Dr. Blache, under the record before us, was a competent witness and could give his opinion based upon facts disclosed by his post-mortem on the body of the insured, coupled with the statement of Dr. Hampton, in his affidavit, which was part of plaintiff's proof of death, to the effect that Dr. Hampton had treated the insured for diabetes mellitus in December, 1935.

The trial court erred in striking out Dr. Blache's testimony from the record.

The only issue raised by defendant was whether or not the insured was suffering with diabetes mellitus at the time of the issuance of the policy, and that said disease had contributed to cause the death of the insured. However plaintiff's instruction numbered one, which covered the entire case and directed a verdict, ignored said defense. This was error. [Sells v. Fireside Life Ass'n (Mo. App.), 66 S. W. (2d) 955; Thimmig v. General Talking Pictures Corp. (Mo. App.), 85 S. W. (2d) 208.]

For the errors noted the judgment should be reversed and the cause remanded. It is so ordered. *Hostetter, P. J.,* and *McCullen, J.,* concur.