REBECCA WINTER, PLAINTIFF-RESPONDENT, v. METROPOLITAN LIFE INSURANCE COMPANY, A FOREIGN CORPORATION, DEFENDANT-APPELLANT.

Argued October 3, 1939—Decided December 29, 1939.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *Drewen & Nugent* (*John Drewen,* of counsel).

For the respondent, *Nathan Baker.*

The opinion of the court was delivered by

HEHER, J. The judicial action assigned for error is the denial of defendant's motion for a directed verdict in its favor.

The single question mooted by the parties on the argument of the motion was whether the return of the premiums paid is a *sine qua non* to the exercise of the insurer's reserved right to declare void an industrial life insurace policy for breach of a condition providing that—

> "*When Policy is Voidable.* If (1) within two years prior to the date of issue of this Policy the Insured * * * has been attended by a physician, unless it shall be shown by the Insured or any claimant that no such * * * medical treatment or attention was for a serious disease, injury, physical or mental condition; * * * then, in any such case, this Policy shall * * * be voidable by the Company, unless reference to such * * * medical treatment or attention * * * is endorsed on this Policy by the Company. If this Policy does not take effect, or is voided by the Company, the Company will return the premiums paid."

Here, the trial judge, without objection from plaintiff, ruled there was conclusive evidence of a breach of the cited condition, but he submitted to the jury the question of whether the insurer had made tender of the premiums paid before the institution of the action. Defendant introduced testimony tending to show that it had made tender to plaintiff of $39, conceded to be the full amount of the premiums paid, and that the tender was refused, while plaintiff testified that the sum offered was but $19.

The jury returned a verdict for plaintiff; and defendant appeals from the consequent judgment.

The first question argued is the correctness of the interpretation thus given the contract by the District Court judge. We think he erred.

The contract did'not lay down, either expressly or by implication, the insurer's tender of the premiums paid as a prerequisite to the effective exercise of its reserved right to declare the policy void for breach of the cited condition. Under the determination of this court in a case involving a policy provision of like tenor and effect, it is not requisite that notice be given, prior to institution of action upon the policy, of the insurer's election to declare the policy void for breach of condition in such circumstances. This is pleadable as a defense; and, if sustained, the contractual liability of the insurer is limited to the return of the premiums paid. *Orsini* v. *Metropolitan Life Insurance Co.*, 9 *N. J. Mis. R.* 407. See, also, *Souza* v. *Metropolitan Life Insurance Co.*, 270 *Mass.* 189; 170 *N. E. Rep.* 62; *Horsfield* v. *Metropolitan Life Insurance Co.*, 124 *Pa. Super.* 458; 189 *Atl. Rep.* 892; *Perry* v. *Metropolitan Life Insurance Co.*, 168 *App. Div.* 275; 153 *N. Y. S.* 459; *Popowicz* v. *Metropolitan Life Insurance Co.*, 114 *Conn.* 333; 158 *Atl. Rep.* 885.

It does not matter that, by the contract, the policy "shall * * * be *voidable* by the Company;" a formal declaration of invalidity by the insurer before suit, in the exercise of this right, is not a condition precedent to the interposition of this defense. There is no distinction of substance, in this regard, between a provision making a policy "voidable" for breach of condition and one clothing the insurer with authority, in such event, to "declare the policy void." In the circumstances here presented, the insurer is not, as maintained by plaintiff, obliged under the former clause "to take some action to declare the policy void upon breach of condition, and to tender return of premiums, otherwise the company will be deemed to have considered the policy as valid and effective, and to have waived any breach of condition," while under no such obligation in virtue of the latter stipulation. The reservation of the right to "declare" a policy "void," without

more, renders it voidable. There is nothing to suggest waiver or estoppel. The acceptance of premiums after knowledge of the breach would have presented a different situation.

The insurer is not here seeking the affirmative relief of rescission or cancellation, where a tender of the premiums paid may in the circumstances be a condition precedent necessary to be pleaded, but is resorting rather to a purely defensive measure of unquestionable validity at law—wholly sufficient also at law if grounded in considerations not solely cognizable in equity—accompanied by a tender (formally in the specifications of defenses) of the premiums paid. If sustained, the insurer is, by express provision, liable only for the premiums paid. In such situation, that is the full measure of its contractual obligation.

Plaintiff maintains that the motion for a directed verdict was also rightly denied on the ground that "the question of identity of the Annie Friedman treated at the Irvington General Hospital, with the Annie Friedman, assured in this case, was a question of fact for the jury."

But that obviously affords no justification for the ruling under review. As stated *supra,* the judge found conclusive evidence of breach of the condition, and so ruled without objection from plaintiff. The issue of breach was not submitted to the jury. There is therefore no occasion for the application of the rule that a judgment under review will be affirmed, if correct on any legal ground, though another reason was relied upon in the court below.

The judgment is accordingly reversed, and the cause remanded for further proceedings not inconsistent with this opinion.